Peter Fox
Matthew Brown
SCOOLIDGE, PETERS, RUSSOTTI & FOX LLP
2 Park Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 729-7708

*Attorneys for Petitioner Brigade Talent, LLC*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIGADE TALENT, LLC,<br><br>               Petitioner,<br><br>- against -<br><br>ERIN DANA LICHY,<br><br>               Respondent. | Civil Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM
ARBITRATION AWARD AND FOR PRE- AND POST-JUDGMENT INTEREST**

Petitioner Brigade Talent, LLC ("Brigade"), by and through its undersigned counsel, Scoolidge, Peters, Russotti & Fox LLP, submits this Memorandum of Law in support of its *Petition to Confirm Arbitration Award and for Pre- and Post-Judgment Interest* (the "Petition"),[1] filed concurrently herewith, seeking pursuant to section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9 to: (i) confirm the final arbitration award (the "Final Award") rendered for $91,632.28 on February 24, 2026, in favor of Brigade against Respondent Erin Dana Lichy, (ii) grant Brigade post-award, prejudgment interest running from February 24, 2026, through the date of entry of

---

[1] A full recitation of the factual background is set forth in the Petition, to which this Court is respectfully referred. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

1

judgment, (iii) grant Brigade post-judgment interest running from the date of entry of judgment through the date of payment, and (iv) enter judgment on the Final Award against Ms. Lichy. In support of the Petition, Petitioner respectfully states as follows:

## ARGUMENT

**I.    The Court has Jurisdiction and Venue Is Proper**

This Court has subject matter jurisdiction to confirm the Final Award under 28 U.S.C. § 1332(a) based on diversity of jurisdiction. Specifically, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States."

Here, Petitioner is a limited liability company organized under the law of New York. Petitioner's membership consists of a sole member, Max Stein, who is a citizen of California. (*See* Rule 7.1 Statement.) Respondent Ms. Lichy is a citizen of New York. (Decl. of Peter Fox ("Fox Decl.") ¶ 3). The citizenship of an LLC is determined by the citizenship of each member of the LLC. *See Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Accordingly, Petitioner is a citizen of California, and Respondent is a citizen of New York. Thus, there is complete diversity of citizenship.

Brigade was awarded more than $90,000 in the Final Award, therefore amount in controversy is greater than the minimum threshold requirement of $75,000.

The Court has personal jurisdiction over Ms. Lichy because she is a citizen of New York, who resides in the State.

As for venue, section 9 of the FAA provides, in pertinent part, that

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court,

then . . . any party to the arbitration may apply to the court so specified for an order confirming the award . . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Here, in the arbitration clause of their contract, the parties agreed that judgment may be entered upon an award in an arbitration between them "by *any* court." (Ex. A to Fox Decl. ¶ 17.) Moreover, the Final Award was made in New York County, New York. (Ex. B to Fox Decl., at 1.)

Thus, this Court has subject matter jurisdiction over this matter and authority to exercise personal jurisdiction over the Parties, and venue in this Court is proper.

## II. Confirmation of the Final Award Is Warranted

Section 9 of the FAA provides that a court *must* confirm an award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of title 9]." *See also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) ("There is nothing malleable about the phrase 'must grant.' It unequivocally instructs courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."). Such "prescribed" exceptions to confirmation are found in Sections 10 and 11 of the FAA. Section 10 allows a district court to vacate an award only where there is fraud, corruption, partiality, misconduct, or if the arbitrators exceed their powers. Section 11 allows the court to modify an award where there has been an evident material mistake, a ruling on a matter not submitted to the arbitrators or the award is imperfect as to form.

Generally, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (citation omitted). Review of an arbitration award by the court is both severely limited and highly deferential to the arbitrator. *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012); *accord Lanesborough*

*2000, LLC v. Nextres, LLC*, No. 24-2211, 2026 WL 318235, at *5 (2d Cir. Feb. 6, 2026). In fact, in this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). Thus, an arbitration award must be enforced so long as there is "'a barely colorable justification for the outcome reached' by the arbitrators." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir.1992)). Where "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 CIV. 005 JMF, 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

Here, the Final Award has not been vacated or modified pursuant to section 10 and 11 of the FAA, and there are no grounds justifying its vacation or modification. The 31-page Final Award was rendered after the conclusion of a thorough and fair arbitration that included discovery, multiple rounds of briefing, and a merits hearing with live testimony. (*See* Ex. B to Fox Decl. ¶¶ 6-8.) The arbitrator (the "Arbitrator") thoroughly explained his decision by separately analyzing each claim, remedy, and affirmative defense, as well as citing to ample record evidence and caselaw. (*Id.* at 4-30.) The arbitration was also conducted in accordance with all the requirements of the Agreement and the rules of the Judicial Arbitration and Mediation Services. As such, the Final Award provides more than the barely colorable justification required for confirmation and should be confirmed. *D.H. Blair & Co.*, 462 F.3d at 110.

### III. Petitioner Is Entitled to Post-Award, Prejudgment Interest

"Whether to award [post-award] prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Bhd. of Locomotive Eng'rs & Trainmen v. Long Island R. Co.*, 340 F. App'x 727, 730 (2d Cir. 2009) (quoting *Waterside Ocean Nav. Co. v. Int'l Nav. Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984)). This Court has awarded post-award, prejudgment interest in similar cases, noting that although the court has discretion, "there is a presumption in favor of awarding such interest." *In re Arb. Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 226 (S.D.N.Y. 2005); *see UiPath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 CIV. 7835 (LGS), 2024 WL 2853620, at *4 (S.D.N.Y. June 4, 2024) (granting post-award, prejudgment interest where the arbitration clause specified New York law).

Here, the Final Award expressly provides that Brigade is entitled to pre-award interest on the compensatory damages of $ 43,710.00 at nine percent (9%) per annum, running from August 15, 2024, until the date of the Final Award. (Ex. B. to Fox Decl., at 26-27.) For the same reasons that pre-award interest was appropriate – *i.e.*, to compensate Brigade for time value of the money Ms. Lichy has owed it since 2024, post-award, pre-judgment interest is proper.

In diversity actions, the interest rate of post-award, prejudgment interest is to be calculated in accordance with the statutory rate of the law governing the contract. *UiPath*, 2024 WL 2853620, at *4. New York law governs the Agreement. (Ex. A to Fox Decl. ¶ 17.) New York law sets the rate for prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. And, indeed, the Arbitrator set the rate for pre-award interest according to this measure. (Ex. B to Fox Decl., at 26-27); *cf. SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *4 (S.D.N.Y. Jan. 4, 2019) ("[T]he common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum – which is the rate of prejudgment interest under New York

State law, N.Y. C.P.L.R. §§ 5001-5004 – from the time of the award to the date of the judgment confirming the award.").

For these reasons, Petitioner requests that it be awarded post-award, pre-judgment interest at a rate of nine percent per annum running from February 24, 2026, through the date of entry of judgment.

## IV. Petitioner Is Entitled to Post-Judgment Interest

Additionally, Petitioner requests post-judgment interest running from the date of entry of judgment through the date of payment at the rate specified in 28 U.S.C. § 1961.

Federal law controls post-judgment interest by statute. Specifically, 28 U.S.C. § 1961 provides, in pertinent part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. "Post-judgment interest serves as a means to 'compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in action to confirm arbitration award) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990)). Section 1961 also applies to arbitration award confirmations because it mandatorily applies to civil judgments in action and "[a]n order confirming an arbitration award is to be 'docketed as if it was rendered in an action,' and 'have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in action.'" T*rustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. DV I,*

6

*LLC*, 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (quoting 9 U.S.C. § 13); *see, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d at 100-01 (awarding post-judgment interest in action to confirm arbitration award at the federal rate); *Global Gold Mining LLC v. Caldera Resources, Inc.*, 2019 WL 367824 (S.D.N.Y. Jan. 30, 2019) (same).

Thus, Petitioner requests that it be awarded post-judgment interest running from the date of entry of judgment until the date of payment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court issue an order, substantially in the proposed form attached to the Notice of Petition filed concurrently herewith, that grants the Petition in all respects and directs the entry of judgment upon the Final Award against Ms. Lichy together with post-award, prejudgment interest thereon, grants post-judgment interest, and grants such other and further relief that this Court deems proper and just.

Dated: March 4, 2026
New York, New York

Respectfully submitted,

SCOOLIDGE, PETERS, RUSSOTTI & FOX LLP

By: _____
Peter Fox
Matthew Brown
2 Park Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 729-7708
pfox@sprfllp.com
mbrown@sprfllp.com

*Attorneys for Petitioner Brigade Talent LLC*