**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BRIGADE TALENT, LLC.,

Petitioner,

v.

ERIN DANA LICHY,

Respondent.

26 Civ. 1811 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

On March 4, 2026, Brigade Talent, LLC ("Brigade Talent") filed a Petition and Motion to Confirm Arbitration Award, along with supporting materials. *See* Pet., ECF No. 1; Mot. to Confirm Arb. Award, ECF No. 2, Mem. of Law in Supp. of Pet. ("Mem."), ECF No. 4. Brigade Talent also seeks post-award, prejudgment interest, and an award of post-judgment interest. For the reasons set forth below, the motion is **GRANTED**, and the Arbitration Award is **CONFIRMED**, subject to reductions equal to amounts already paid, as described below.

## BACKGROUND

Petitioner Brigade Talent is a talent management company organized as a limited liability company under the laws of New York State. Pet. ¶ 1. Respondent Erin Dana Lichy resides in Manhattan and is a reality television personality, appearing on the television show "The Real Housewives of New York." *Id.* at ¶ 2. On October 28, 2022, the Parties entered into a Representation Agreement (the "Agreement"). *Id.* ¶ 6. Under the Agreement, which contained an arbitration clause, Brigade Talent served as Ms. Lichy's talent manager in exchange for commissions from her earnings. *Id.* ¶¶ 7-8. Ms. Lichy terminated the agreement after working with Brigade Talent for approximately seventeen months. *Id.* ¶ 9.

A dispute subsequently arose between the parties concerning Ms. Lichy's earnings from certain work performed *after* the termination of the Agreement. *Id.* ¶ 10. Brigade Talent then

initiated arbitration, a hearing on which was held on September 30, 2025. *Id.* ¶¶ 11-13. On February 24, 2026, the Arbitrator issued a final award in favor of Brigade in the amount of $91,632.28, including pre-award interest and expenses (the "Final Award"). *Id.* ¶¶ 13-15.

Petitioner now seeks confirmation of the Final Award before this Court. Respondent has not appeared in this case. In subsequent letters to the Court, Brigade Talent indicated that Ms. Lichy has paid $60,000 of the Final Award, and accordingly now seeks the balance of $32,997.99 on the Final Award (which includes $616.20 in post award, prejudgment interest on the final award), plus additional prejudgment interest through the date of entry of judgment, and post-judgment interest. *See* Letter dated April 9, 2026, ECF No. 10; Letter dated May 14, 2026, ECF No. 12.

## LEGAL STANDARDS[1]

Confirmation of an arbitration proceeding is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mong.*, 11 F.4th 144, 160 (2d Cir. 2021); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022). "Arbitration panel determinations are generally accorded great deference under the" Federal Arbitration Act ("FAA") to promote the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited"); *see also Beijing Shougang Mining Inv. Co.*, 11 F.4th at 160. "Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, . . . an award is presumed valid unless

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 382 (2d Cir. 2023). Even if the Court disagrees with the arbitrator's findings on the merits, it should confirm the arbitration award so long as there is a "barely colorable justification for the outcome reached." *Id.* at 383. Conversely, an unopposed petition to confirm an arbitration award, which is treated as "an unopposed motion for summary judgment," must fail "where the undisputed facts fail to show that a movant is entitled to judgment as a matter of law." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. N.Y.*, 988 F.3d 618, 625 (2d Cir. 2021). Under this process, the Court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award. *See id.* § 10(a)(1)–(4).

## DISCUSSION

### I. Confirmation of the Arbitration Award

Brigade Talent seeks confirmation of the Arbitration Award. There is "an extremely deferential standard of review . . . in the context of arbitral awards." *Smarter Tools*, 57 F.4th at 378. "The award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 379. The party opposing confirmation "bears the heavy burden of showing that (1) 'the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators,' (2) 'the law was in fact improperly applied, leading to an erroneous outcome,' and (3) 'the arbitrator . . . kn[ew] of its existence, and its applicability to the problem before him.'" *Wells Fargo Advisors LLC v. Tucker*, 373 F. Supp. 3d 418, 424 (S.D.N.Y.

2019) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003)).

Here, Respondent has not appeared, and the Court will accordingly treat the petition as an unopposed motion for summary judgment. The Agreement required Ms. Lichy to pay a 20% commission on all gross revenue for her work negotiated or entered into during the term of the Agreement, as well as for work on new projects entered into during the 180 days following effective termination (at a full rate for projects entered into during the first ninety days of that period ("First Follow-On Period"), and at half the rate for projects entered into during the second ninety days of that period ("Second Follow-On Period"). *See* Final Award at 5-6, ECF No. 3-2. The Arbitrator issued the Final Award based on calculations under that provision, concluding that the provision requires payment of commissions for any work on projects entered into during those follow-on periods, irrespective of whether Brigade Talent was involved in negotiating the work in question. *See id.* at 7-9. Having reviewed the Agreement, the Court concludes that, under the facts of this case, there is more than a "barely colorable justification" for the Arbitrator's decision. *See Smarter Tools*, 57 F.4th at 378. Accordingly, the Final Award is **CONFIRMED**. A Judgment shall issue for the amount of the Final Award, minus the amounts that Petitioner indicates that Ms. Lichy has already paid it.

## II. Post-Award, Prejudgment Interest

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *SEIU v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In this Circuit, there is a "presumption in favor of pre-judgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir.1984). The "common practice" among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law. *SEIU*, 326 F. Supp. 2d at

550 (citing N.Y. C.P.L.R. §§ 5001-5004). Here, the Court concludes that there is no reason to depart from the presumption in favor of pre-judgment interest, and finds it warranted in this case.

### III. Post-Judgment Interest

Brigade Talent also seeks post-judgment interest on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). As the Second Circuit has explained, an "award of post-judgment interest is mandatory on award in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). Accordingly, the Court awards Brigade Talent post-judgment interest.

## CONCLUSION

For the reasons given above, the Petition to confirm the arbitration award is **GRANTED** and the final Arbitration Award is **CONFIRMED**; the Court further post-award prejudgment interest, and post-judgment interest.

Petitioner is directed to file a revised Proposed Judgment reflecting the amounts actually due (i.e., subtracting the amounts that Ms. Lichy has already paid to it), in accordance with this Order, using the ECF Filing Event "Proposed Judgment," no later than fourteen days after the entry of this Order.

The Clerk of Court is directed to close ECF No. 2.

SO ORDERED.

Dated: October 16, 2026
New York, New York

DALE E. HO
United States District Judge